1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JOSE L. LUNA, an individual, on
behalf of himself and others similarly
situated,

               Plaintiff,

      vs.

NEW HAMSPHIRE BALL
BEARINGS, INC.; and DOES 1 to 50,
inclusive,

               Defendants.

Case No.: 2:18-cv-10755-AB-JC

**ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT,
APPROVAL OF CLASS NOTICE,
AND SETTING FINAL APPROVAL
HEARING**

*[Filed concurrently with Notice of
Motion; Memorandum; Declaration of
Darren M. Cohen]*

~~Hearing: April 12, 2024~~
~~Time:    10:00 a.m.~~
~~Dept.:    Courtroom 7B~~

Complaint Filed: November 13, 2018
Fifth Amended Complaint Filed:
January 26, 2024

## ORDER

This matter has come before the Court on the unopposed motion by Plaintiff Jose L. Luna ("Plaintiff"), on behalf of himself and the similarly situated employees of Defendant New Hampshire Ball Bearings, Inc. ("Defendant") (together, the "Parties"), for Preliminary Approval of the Parties' First Amended Joint Stipulation of Settlement Between Plaintiff and Defendant ("Settlement" or "Settlement Agreement") of this class action pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. With this Order, the Court hereby vacates the hearing on April 12, 2024.

Plaintiff, without opposition by Defendant, seek an Order (1) conditionally certifying the class claims for settlement purposes only under the Federal Rules of Civil Procedure, Rule 23 (e.g., "Rule 23"); (2) preliminarily approving the Parties' Settlement; (3) appointing Plaintiff as the representative of, and Class Counsel as counsel for, the Class Members; (4) approving the form of the Parties' proposed Class Notice; and (5) scheduling a hearing on the final approval of the Settlement.

The Court's scrutiny of the proposed settlement is as rigorous at the preliminary approval stage as at the final approval stage. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016). Having considered the papers filed in support of the motion, the arguments of Counsel, and the law, the Court now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows:

1. All initial-capped terms contained herein shall have the same definitions as set forth the Settlement Agreement, which is attached as Exhibit A to the Declaration of Plaintiff's Counsel, Darren M. Cohen, filed in support of the unopposed Motion for Preliminary Approval.

2. The Court hereby conditionally certifies the Class Claims and conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the Class Claims meet the requirements for certification under Rule 23(a) and (e). Accordingly, for

purposes of approving this Settlement under Rules 23(a) and 23(b)(3), the Court finds: (a) the Class Members are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class Claims; (c) certain claims of Plaintiff are typical of the claims of Class Members; (d) Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class Members; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy in the context of settlement.

3.     The Court therefore conditionally certifies, for settlement purposes only and pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the following subclass and class claims:

Class or Class Members: "All individuals who have been employed by Defendant New Hampshire Ball Bearings, Inc. as non-exempt, hourly employees from November 13, 2014 to December 31, 2022."

4.     The Court further recognizes the following group of aggrieved employees, on whose behalf Plaintiff has brought claims under the California Private Attorneys General Act ("PAGA"), California Labor Code § 2699, *et seq*.

PAGA Class or PAGA Members: "All individuals who have been employed by Defendant New Hampshire Ball Bearings, Inc. as non-exempt, hourly employees from November 6, 2017 to December 31, 2022."

4.     Considering the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), the Court further finds that, for purposes of preliminary approval, and considering: the strength of the allegations set forth in Plaintiff's Fifth Amended Complaint; the strength of Defendant's defenses to those claims; the risk, expense, complexity, and likely duration of further litigation; the risk of obtaining and/or maintaining class action status throughout the litigation; the extent of discovery completed and the stage of the proceedings; the experience and views of Counsel; the presence and/or absence of a governmental participant; and the amount

1    offered in settlement of the claims, the proposed Settlement Agreement is fair on its

2    face.  The Court therefore finds on a preliminary basis that the proposed terms of the

3    Settlement Agreement set forth in Exhibit A to the Declaration of Darren M. Cohen

4    are reasonable and grants preliminary approval of the proposed Settlement.

5         5.     The Court also finds, on a preliminary basis, that the Settlement is fair

6    and reasonable to the Class Members when balanced against the probable outcome

7    of further litigation relating to class action certification, liability, and damages

8    issues, and potential appeals of rulings.  The Court further finds that significant

9    investigation, research, litigation, and formal and informal discovery have been

10   conducted such that Counsel for the Parties are able to reasonably evaluate their

11   respective positions.  The Court further finds that settlement at this time will avoid

12   substantial costs, delay, and risks that would be presented by the further prosecution

13   of the litigation.

14        6.     Based on a review of the papers submitted by the Parties, the Court

15   finds that the Settlement Agreement is the result of arms-length negotiations

16   conducted after Class Counsel had adequately investigated the claims and become

17   familiar with the strengths and weaknesses of the claims.  The assistance of two (2)

18   experienced mediators in the settlement process supports the Court's conclusion that

19   the proposed settlement is non-collusive.  The Court finds on a preliminary basis

20   that the Settlement is within the range of reasonableness of a settlement that could

21   ultimately be given final approval by this Court, and hereby grants preliminary

22   approval of the Settlement.

23        7.     The Court conditionally appoints Plaintiff Jose L. Luna to represent the

24   Class Members for settlement purposes only.

25        8.     The Court conditionally appoints Darren M. Cohen, Esq. of Kingsley &

26   Kingsley, APC as counsel for the Class Members for settlement purposes only.

27        9.     The Court appoints Apex Class Action LLC as the claims administrator

28   and preliminarily approves the allocated claims administration expenses.  The

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1  claims administrator will prepare final versions of the Class Notice, incorporating

2  into it the relevant dates and deadlines set forth in this Order and the Settlement

3  Agreement, and will carry out the notice procedures set forth in the Settlement

4  Agreement.

5        10.    The Court concludes that the Class Notice (Exhibit 1 to the Settlement

6  Agreement) for the Class Members, as well as the procedure set forth in the

7  Settlement Agreement for providing notice to the Class Members, will provide the

8  best notice practicable under the facts and circumstances of this case.  There is no

9  alternative method of notice that would be more practical or more likely to notify

10  Class Members of the terms of the Settlement.  The Class Notice fairly, plainly,

11  accurately, and reasonably informs Class Members of: (a) the nature of the Action,

12  the definition of the Class Members, the identity of Class Counsel, and the essential

13  terms of the Settlement Agreement, including the plan of allocation; (b) Plaintiff's

14  and Class Counsel's applications for the Plaintiff's Enhancement Award and Class

15  Counsel's request for attorney's fees and litigation costs; (c) how to participate in

16  and receive proceeds under the Settlement; (d) how to object to or request exclusion

17  from the Settlement; and (e) how to obtain additional information regarding the

18  Action and the Settlement.  The Court thus finds that the notice requirements for

19  class actions are satisfied.

20        11.    In the event that the Effective Date occurs: all Settlement Class

21  Members will be deemed to have forever released and discharged the Settlement

22  Class Members' Released Claims.  The Court approves the definition of Settlement

23  Classes' Released Claims as articulated in the Settlement Agreement.

24        12.    Any Class Member who intends to object to final approval of the

25  Settlement or Class Counsel's Motion for Fees and Costs must submit an objection

26  to the claims administrator within sixty (60) calendar days following the mailing of

27  the Class Notice and in the form and manner set forth in the Settlement Agreement.

28  The claims administrator will provide any objections to Counsel for the Parties, who

will lodge them with the Court.  If a Class Member opts out after filing an objection, then his/her objection will be moot.  However, Settlement Class Members who file an objection may be heard at the Final Approval Hearing, either personally or through their counsel.

13.     The Parties and Settlement Administrator are ordered to provide notice of the settlement according to the terms of the Settlement Agreement and in conformity with this Order, including:

    a)     No more than thirty (30) calendar days after entry of the Preliminary Approval Order, Defendant shall provide the claims administrator with the Class Information for purposes of sending the Class Notice to the Class Members.

    b)     No more than fourteen (14) calendar days after receiving the Class Information from Defendant, the claims administrator shall send the Class Notice to the Class Members via U.S. Mail.

    c)     The Class Notice will inform California Class Members that unless they file a request to be excluded from the Settlement within sixty (60) days after the mailing of the Class Notice: they will become Settlement Class Members; they will receive Individual Settlement Payments under the Agreement; and they will be bound by the release of Settlement Class Members' Released Claims.

    d)     The Class Notice will inform Class Members of their right to request exclusion from the Settlement and the procedure for doing so.

    e)     The Class Notice will inform Class Members of their right to object to the Settlement and the procedure for doing so.

    f)     The Class Notice shall include a statement as to the number of workweeks attributable to each Class Member, as well as explanation for how the workweeks will be used to calculate the Individual Settlement Payments.

- 6 -

g) If any Class Notice mailed to any Class Member is returned, the claims administrator shall make a good-faith attempt to obtain the most-current names and postal mail addresses for those individuals, including cross-checking the names and/or postal mail addresses it received from Defendant with other appropriate databases (e.g., the National Change of Address Database) and performing further reasonable searches (e.g., through Lexis/Nexis) for more-current names and/or postal mail addresses for those individuals. All Class Members' names and postal mail addresses obtained through these sources shall be protected as confidential and not used for purposes other than the notice and administration of this Settlement. The address determined by the claims administrator as the current mailing address shall be presumed to be the best mailing address for each Class Members. The Settlement Administrator shall promptly re-mail the Class Notice to any Class Member whose original notice was returned because of a wrong address.

h) If any Class Notice is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the postal mailing to that address.

i) In the event that any Class Notice is returned as undeliverable a second time, no further postal mailing shall be required. The claims administrator shall maintain a log detailing the instances Class Notices are returned as undeliverable, re-mailed, and when applicable, returned again. Those Class Members who receive a re-mailed Class Notice, whether by skip-trace or by request, will have between the later of (a) an additional fifteen (15) calendar days from the date of the re-mailed Class Notice or (b) the Response Deadline

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

to fax or postmark a Request for Exclusion, or file and serve an objection to the Settlement.

14.     Plaintiff has provided notice of the settlement to the California Labor and Workforce Development Agency, satisfying the requirements of PAGA.

15.     All proceedings and all litigation of the Action, other than those pertaining to the administration of the Settlement, are stayed pending the Final Approval Hearing.

16.     Plaintiff and Class Members are prohibited from prosecuting any claims against Defendant or the Released Parties pending the Final Approval Hearing.

17.     The preliminary approval of the Settlement, certification of the Class Members and the Class Claims, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review in which event the Settlement Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or non-liability or of the certifiability of a litigation class or the appropriateness of maintaining a representative action.

18.     The Court will conduct a Final Approval Hearing on September 27, 2024, at 10:00 a.m., where it will make a determination on: (i) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (ii) the amount of attorney's fees and costs that should be awarded to Class Counsel; and (iii) the amount of the Enhancement Award that the Plaintiff should receive.  The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines without further notice to the Class Members.

19.     Plaintiff's Motion for Final Approval of the Settlement, and Class Counsel's Motion for Attorney's Fees and Costs, will also be filed and heard on or

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  before the final approval hearing, and the Parties and the claims administrator will
2  comply with the following schedule for the settlement administration and final
3  approval process:

| Due Date | Activity |
| --- | --- |
| May 13, 2024 | Defendant provides the Class Information for the Class Members to Apex Class Action LLC (30 days from the entry of the Preliminary Approval Order) (proposed dates based on Order Granting Preliminary Approval being entered on April 12, 2024) |
| May 27, 2024 | Apex Class Action LLC to mail Class Notice to the Class Members.  (No later than 44 days from Preliminary Approval) |
| July 26, 2024 | Last day for Class Members to Object to the Settlement (60 days from Initial Mailing of Class Notice) |
| July 26, 2024 | Last day for Class Members to submit a Request for Exclusion (60 Days from Initial Mailing of Class Notice) |
| August 26, 2024 | Deadline for Class Counsel to File Motion for Final Approval of the Settlement, Attorney's Fees and Costs, and Class Representative Enhancement Award, and Declaration from Administrator (90 days from Initial Mailing of Class Notice) |
| September 27, 2024 | ~~Proposed~~ Date for Final Approval Hearing (10:00 a.m.) |

        20.    In the event the Settlement is not finally approved, or otherwise does
not become effective in accordance with the terms of the Settlement Agreement, this
Order shall be rendered null and void and shall be vacated, and the Parties shall
revert to their respective positions as of before entering into the Settlement
Agreement.  The Court's findings are for purposes of certifying a settlement class
and to settle the matter and will not have any claim or issue preclusion or estoppel

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

effect in any other action against Defendant, or in this action if the Settlement is not finally approved.

**IT IS SO ORDERED.**

Dated:  April 10    , 2024

Hon. André Birotte Jr.
United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT